THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FILED

MAR 2 1 2014

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| CAPITAL SECURITY SYSTEMS, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ABNB FEDERAL CREDIT UNION, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 3:14cv204<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff, Capital Security Systems, Inc. ("Capital Security"), makes the following allegations against Defendant ABNB Federal Credit Union ("ABNB"):

### Parties

1.  Plaintiff Capital Security is an Illinois corporation having its principal place of business in San Diego, California.

2.  ABNB Federal Credit Union is a financial institution with its principal place of business at 830 Greenbrier Circle, Chesapeake, VA 23320.  It may be served by service upon its registered agent Alfred M Randolph, Jr., 150 W Main St, Suite 2100, Norfolk, VA 23510 and also upon its Chief Executive Office Carl Ratcliff, at its principal place of business.

3.  ABNB conducts business in this judicial district and elsewhere throughout the United States.

### Nature of the Action

4.  This is a civil action for the infringement of United States Patent Nos. 5,897,625 ("the '625 patent"), 7,653,600 ("the '600 patent"), 7,991,696 ("the '696 patent"), 8,121,948

1

("the '948 patent") (attached as Exhibits A-D, respectively) under the Patent Laws of the United States 35 U.S.C. § 1 et seq.

## Jurisdiction and Venue

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq. 9.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b). ABNB is domiciled in this District, has transacted business in this District, and committed acts of patent infringement in this District.

7.      ABNB is subject to this Court's specific and general personal jurisdiction pursuant to due process, due at least to the location of its principal place of business in this judicial district, its substantial business in this forum, including (i) most if not all of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Virginia and in this District.

8.      ABNB currently operates at least 15 branches and a network of at least twenty-five automated teller machines ("ATMs") located at branches and service centers.  Most if not all of ABNB's ATMs are located in this judicial district.

9.      ABNB issues its account holders an ATM card.  An ATM cardholder associates a PIN code with his or her account and this number is associated by ABNB with his or her ATM card as well.

10.      Each ABNB ATM includes an ATM card reader.  When an account holder seeks to engage in a transaction with ABNB (e.g., an account withdrawal, check deposit, cash deposit

2

or balance inquiry) using an ATM machine, the account holder must place the assigned ATM card into the card reader, and enter the correct PIN on the ATM's keypad.

11.     ABNB's ATMs each possess a display screen for displaying information and instructions to ATM users. Also, these ATMs each possess a keypad and buttons which the user is expected to press as part of data entry and other interaction with an ATM. Furthermore, each ATM includes a slot from which cash is dispensed to a user in the event of a successful withdrawal transaction.

12.     Assuming the account holder uses the correct ATM card and PIN, he or she is permitted to engage in an ATM transaction with ABNB, which transaction may include a check deposit, a cash deposit, an account balance inquiry or a withdrawal (assuming sufficient funds in the account).

13.     On or about 2006, ABNB began offering intelligent deposit ATM service, also referred to as "no envelope" ATM check deposits, to its account holders. ABNB saw the introduction of intelligent deposit technology as an opportunity to gain a competitive edge and to help achieve its target of capturing additional market share in Chesapeake, Virginia and surrounding areas.

14.     To offer this type of intelligent deposit transaction, upon information and belief, ABNB purchased and installed (or had installed on its behalf) specialized "intelligent deposit" ATMs (ABNB's specialized intelligent deposit ATMS are henceforth referred to as "IDATMs") which represent a combination of hardware and software to facilitate deposit of checks without needing to use envelopes for the checks, including related check imaging and processing software running on a processing system co-located in each of the IDATMs and on one or more servers in ABNB's system supporting its check deposit and clearance process.

3

15.     ABND's purchase of IDATMs included through-the-wall and drive-up IDATMs.

16.     ABNB presently uses IDATMS and has used them for at least six years as part of its ATM network.

17.     ABNB's deployment of these IDATMs included a combination of the IDATMs with networking equipment provided by ABNB, and various inter-networked software created and/or licensed by ABNB and combined with IDATMs, including check imaging and processing software running on the IDATMs and on one or more servers interconnected with the IDATMs.

18.     Each of the IDATMs possess a cash acceptance feature, including a slot wherein an IDATM user can insert bills into the IDATM.

19.     Each of the IDATMs possess an OCR scanner and one or more document cameras for scanning a check and capturing an image of each side of a check being deposited.

20.     Each of the IDATMs possess a MICR reader for reading data from the MICR line of a check being deposited.

21.     Check image processing software used in each of the IDATMs recognizes and validates banknotes and reads the value and codeline data from material fields located on each of the checks being deposited. The software employs intelligent character recognition engines to evaluate characters used in these fields.

22.     For each IDATM, images of the deposited checks, together with deposited cash totals, are displayed on the screen for confirmation by the customer.

23.     Each of the IDATMs includes a printer for printing a receipt of each transaction conducted at the ATM, if receipt is requested.  For receipts of check deposits, the receipt prints an image of the check onto the receipt.

24.     ABNB also employs software for transmitting check images to a remote server for further processing checks based upon a review of various check fields, including the courtesy line, the legal amount line and the signature line.  Upon information and belief, some of the software used in transmitting and processing check images is licensed from one or more third parties.

25.     ABNB employs software to recognize the courtesy amount of a check being deposited via an IDATM, to recognize the legal amount of a deposited check and to compare the two amounts to see whether they match.

26.     ABNB employs software to recognize whether a signature appears on a check being deposited via an IDATM.

27.     Once scanned and imaged at an IDATM, check images are sent to a remote platform via a server that captures the images and encrypts, consolidates and transfers the check image data. The images are processed by ABNB using sophisticated balancing and error detection tools designed to reduce back-office effort, eliminate processing errors and flag questionable transactions for investigation.

28.     As each check is deposited via an IDATM, the check is fed into a check storage container located inside the IDATM.  Conversely, if the IDATM rejects a check for any reason, the IDATM returns the rejected check for retrieval by the IDATM user.

29.     As cash is deposited via an IDATM, the cash is fed into a safe or other storage container located inside of the IDATM.  The safe or other cash storage container is separate from the check storage container inside the IDATM.

**The Patents-in-Suit**

30.     On April 27, 1999, the '625 Patent, titled "Automated Document Cashing System," was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  The '625 Patent claims systems and methods for, among other things, depositing checks, cashing checks, depositing cash, and/or paying bills with automated banking machines without an envelope.

31.     On January 26, 2010, the '600 Patent, titled "Automated Document Cashing System," was duly and legally issued by the USPTO. The '600 Patent claims an automated machine for, among other things, depositing checks without an envelope where the legal amount recognition, the courtesy amount recognition, and the signature lines of the checks are reviewed.

32.     On August 2, 2011, the '696 Patent, titled "Automated Document Cashing Machine and Method," was duly and legally issued by the USPTO. The '696 Patent claims apparatus and methods for, among other things, depositing checks without an envelope where the legal amount recognition, the courtesy amount recognition, and the signature lines of the checks are reviewed.

33.     On February 21, 2012, the '948 Patent, titled "Automated Document Cashing System," was duly and legally issued by the USPTO. The '948 Patent claims an automated machine for, among other things, depositing checks without an envelope where the legal amount recognition, the courtesy amount recognition, and the signature lines of the checks are reviewed.

34.     Capital Security is the assignee of all rights, title, and interest in the '625, '600, '696, and '948 Patents ("Patents-in-Suit"), and possesses all rights to sue and recover for any current or past infringement of the Patents-in-Suit.

6

## Count 1

### Infringement of U.S. Patent No. 5,897,625

35.     Paragraphs 1-33 are incorporated by reference as if fully restated herein.

36.     ABNB has directly and literally infringed, and continues to directly infringe, claims 1, 2, 3, 9, 12, 13, 15 and 17 of the '625 Patent, by using IDATMs and related check imaging and processing software, each to allow an account owner to deposit cash or checks without an envelope, and which generate a snapshot image of any deposited checks, as the IDATMs and related check imaging and processing software have a card receiver for receiving a card that identifies a qualified user for the IDATM, a keypad, screen, or other means for entering data including the monetary amount about a document to be processed, a document receiver for receiving the document to be processed, a scanner or other means for generating an image data from the front and back of the document, a processor or other means to read the amount of the document, interconnected with a processor or other means to evaluate the signature on the document and for confirming that the signature is acceptable to support the transaction in question, and a cash dispenser that dispenses cash automatically to the user once the processor or other means evaluating the signature has accepted the signature.

37.     Capital Security has been and continues to be damaged by ABNB's infringement of the '625 Patent.  As such, Capital Security is entitled to an award of money damages from ABNB, in an amount no less than a reasonable royalty.

## Count 2

### Infringement of U.S. Patent No. 7,653,600

38.     Paragraphs 1-37 are incorporated by reference as if fully restated herein.

39.     ABNB has directly and literally infringed, and continues to directly infringe, claims 1, 2, 3, 6, 7 and 8 of the '600 Patent, by using IDATMs, and related check imaging and processing software, to allow an account owner to deposit cash or checks without an envelope, and which generate a snapshot image of any deposited checks, embodying and covered by one or more claims of the '600 Patent, as the IDATMs and related check imaging and processing software have a card reader for a card having an intelligence associated therewith for identifying a user as a qualified user, a document scanner for scanning the monetary document, a processor for receiving input from the document scanner and generating an image thereof, a document reader for the monetary document to be deposited, a display device for displaying the image from the scanned monetary document to the user, an acceptance of deposit indicator to indicate proof of deposit to the user after qualification of the user and validity of the monetary document, wherein the processor reviews images from legal amount recognition and courtesy amount recognition lines and ascertains an apparent signature from the document image to validate the monetary document.

40.     Capital Security has been and continues to be damaged by ABNB's infringement of the '600 Patent.  As such, Capital Security is entitled to an award of money damages from ABNB, in an amount no less than a reasonable royalty.

## Count 3

## Infringement of U.S. Patent No. 7,991,696

41.     Paragraphs 1-40 are incorporated by reference as if fully restated herein.

42.     ABNB has directly and literally infringed, and continues to directly infringe, claims 1, 2, 6, 9, 15, 18 and 19 of the '696 Patent, by using IDATMs and related check imaging and processing software, to allow an account owner to deposit cash or checks without an

8

envelope, and which generate a snapshot image of any deposited checks, embodying and covered by one or more claims of the '696 Patent, as the IDATMs and related check imaging and processing software have a processor and a card receiver configured to receive a card having an intelligence associated therewith and to identify a user as a qualified user, that instructs the user to insert monetary transaction document into the IDATM, that scans the inserted monetary document and generates a document image, that instructs the user to enter the amount to be deposited into the IDATM, that reviews the images from the legal amount recognition and courtesy amount recognition lines and reviews the amount entered by the user to provide a confidence level, a processor to ascertain if an apparent signature is on the signature line of the document image and to determine if the signature is valid, and to provide an acceptance of the deposit to the user after qualification of the system user and an acceptable confidence level.

43.     Capital Security has been and continues to be damaged by ABNB's infringement of the '696 Patent. As such, Capital Security is entitled to an award of money damages from ABNB, in an amount no less than a reasonable royalty.

## Count 4

## Infringement of U.S. Patent No. 8,121,948

44.     Paragraphs 1-43 are incorporated by reference as if fully restated herein.

45.     ABNB has directly and literally infringed, and continues to directly infringe, claims 1, 2, 3, 7 and 9 of the '948 Patent, by using IDATMs, and related check imaging and processing software, to allow an account owner to deposit cash or checks without an envelope, and which generate a snapshot image of any deposited checks, embodying and covered by one or more claims of the '948 Patent, as the IDATMs and related check imaging and processing software have a card reader configured to accept a card having associated intelligence and to

identify a user as a qualified user, a document scanner configured to scan the monetary document, a processor configured to receive input from the document scanner and to generate a document image thereof, a document reader configured to read the monetary document from which a deposit is being made, a display device coupled to the processor and configured to display the document image to the system user, and an acceptance of the deposit indicator configured to be operated by the processor after qualification of the user and validity of the document to indicate proof of deposit to the system user, wherein the processor is configured to review images from a legal amount recognition line and a courtesy amount recognition line, and to ascertain an apparent signature, from the document image in order to validate the document.

46.     Capital Security has been and continues to be damaged by Defendant's infringement of the '948 Patent.  As such, Capital Security is entitled to an award of money damages from ABNB, in an amount no less than a reasonable royalty.

## Count 5

### Willful Infringement of the '600 Patent and the '625 Patent

47.     Paragraphs 1-46 are incorporated by reference as if fully restated herein.

48.     ABNB has been aware of the '625 Patent since at least 2010.  CSSI wrote to ABNB alerting it to its infringement of the '625 Patent.  By way of a letter dated December 9, 2010, Capital Security notified ABNB of its infringement of the '625 Patent.

49.     ABNB did not respond to the aforementioned letter.  However, with knowledge of the '625 Patent and information showing an objectively high risk of infringement, ABNB continued its infringement.  Upon information and belief, ABNB has added IDATMs since receiving the letter in question.

50.     For at least these reasons, ABNB's infringement of the '625 and '600 Patents is therefore willful, deliberate, and in disregard of Capital Security's patent rights. ABNB acted to use the IDATMs despite an objectively high likelihood that its actions constituted infringement of a valid patent. When Capital Security pointed out the infringement, ABNB did not alter or modify its actions. Instead, it continued without pause to in the use of its system comprising multiple IDATMs and related software. ABNB did this with full and actual knowledge of the risk of infringement.

51.     As such, ABNB acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and in this case, the objectively-defined risk was known to ABNB and otherwise so obvious that it should have been known to ABNB.

52.     Capital Security is therefore entitled to enhanced damages against ABNB of three times the amount of actual damages pursuant to 35 U.S.C. § 284 and recovery of attorneys' fees pursuant to 35 U.S.C. § 285.

### Prayer for Relief

Wherefore, Plaintiff Capital Security respectfully requests that this Court enter judgment against ABNB as follows:

a)     adjudging that the ABNB has infringed U.S. Patent Nos. 5,897,625, 7,653,600, 7,991,696, and 8,121,948;

b)     awarding Capital Security the damages to which it is entitled under 35 U.S.C. § 284 for  past infringement and any continuing or future infringement up until the date ABNB is finally and permanently enjoined from further infringement, and ordering a full accounting of same;

11

c)      awarding Capital Security enhanced damages, up to and including trebling of Capital Security's damages recoverable from ABNB pursuant to 35 U.S.C. § 284, for its willful infringement of the Patents;

d)      declaring this to be an exceptional case, and awarding Capital Security attorneys' fees pursuant to 35 U.S.C. § 285;

e)      awarding Capital Security pre-judgment and post-judgment interest on its damages; and

f)      awarding Capital Security such other and further relief in law or equity that the Court deems just and proper.

### Demand for Jury Trial

Capital Security hereby demands a trial by jury on all claims and issues so triable.

Dated: March 21, 2014

**Respectfully submitted,**

**CAPITAL SECURITY SYSTEMS, INC.**
**By Counsel**

Bernard J. DiMuro, Esq.
VSB #18784
*Counsel for Plaintiff*
**DiMuroGinsberg**, PC
1101 King Street, Suite 610
Alexandria, Virginia 23314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
E-mail: bdimuro@dimuro.com

Of counsel:

Steven G. Hill
John L. North
Jennifer Calvert
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, GA 30339
Phone: 770-953-0995

Ed Goldstein
GOLDSTEIN LAW PLLC
710 N. Post Oak, Suite 350
Houston, TX 77024
Phone: 713-877-1515